Filed 2/19/21  P. v. Tanner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089864 |
| Plaintiff and Respondent, | (Super. Ct. Nos. ) STKCRFE19910007040, SC050605A |
| v. | |
| WILLIE LEE TANNER, | |
| Defendant and Appellant. | |

In 1992, defendant Willie Lee Tanner pled guilty to two counts of second degree murder arising from two separate incidents.  The trial court sentenced him to 15 years to life, concurrent, for each count.  In 2019, defendant filed a petition for resentencing under Penal Code[1] section 1170.95, asserting he was eligible for resentencing under that statute and requested appointment of counsel.  The trial court summarily denied the petition and

---

[1]     Further undesignated statutory references are to the Penal Code.

request for counsel, finding he failed to state a prima facie case. On appeal, defendant contends the court erred in denying his petition because he stated a prima facie case under section 1170.95. We conclude defendant's petition did not include all statutorily required information. We therefore reverse and remand with instructions for the trial court to deny the petition without prejudice, consistent with section 1170.95, subdivision (b)(2).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled guilty to two counts of second degree murder, including a firearm enhancement on count 1, and an enhancement for personal use of a firearm during the commission of a felony on count 2. In 2019, defendant used a habeas corpus form to file a pro se "petition for writ of habeas corpus" (capitalization omitted) in the trial court, seeking appointment of counsel and resentencing pursuant to Senate Bill No. 1437 and section 1170.95. In his petition, defendant stated that he pled guilty to second degree murder because he believed he could have been convicted of first or second degree murder at trial pursuant to the natural and probable consequences doctrine. He further stated he was not the actual killer and sought an evidentiary hearing to "enable the Court to assess [his] participation as the aider and abettor." Finally, he asserted he could not now be convicted of first or second degree murder for either count because of the changes made to sections 188 and 189, effective January 1, 2019.

The trial court deemed defendant's petition a petition for resentencing under section 1170.95 and issued a written order denying the petition. Taking the facts from the transcript of defendant's guilty plea, the trial court found the petition did not support a prima facie case for section 1170.95 relief because defendant's petition and actions, as set forth in his guilty plea, "at minimum" satisfied section 189, subdivision (e)(2) and (e)(3). Defendant timely appeals.

2

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted to amend the felony-murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who [wa]s not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also established a procedure for qualified persons to seek retroactive relief based on these changes in the law through a petition with the trial court. (Stats. 2018, ch. 1015, § 4.) The petitioner has the burden of making an initial prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c).)

To make a prima facie showing for relief, section 1170.95, subdivision (a)(1) requires a declaration stating that "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine." (§ 1170.95, subds. (a)(1), (b)(1)(A).) Defendant's petition does not contain a declaration meeting this requirement. We also cannot discern the charges brought against defendant from elsewhere in the petition or in the record.

Where, as here, any of the information required by section 1170.95, subdivision (a) is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information. (§ 1170.95, subd. (b)(2).) Thus, we reverse the trial court's denial and remand the petition to the trial court consistent with the statutory procedure.[2]

---

[2] In doing so, we reject the People's concession that defendant sufficiently stated a prima facie case for relief as to count 1.

In reversing the trial court's denial of the petition, we note the trial court's ruling that the record of conviction satisfied section 189, subdivision (e)(2) and (e)(3) appears erroneous. Here, the facts show only that defendant drove a car while a passenger shot and killed the victim from the window (count 1), and that defendant and another person shot their firearms behind a convenience store, with one or both of them killing the victim (count 2). The facts do not indicate defendant was perpetrating or attempting to perpetrate any of the qualifying felonies under section 189 at the time of the murder, nor do they establish defendant's liability under section 189, subdivision (e) as a matter of law.

## DISPOSITION

The trial court's denial of the petition is reversed and the petition is remanded to the trial court with instructions to: (1) deny the petition without prejudice so defendant may file a corrected petition; and (2) advise defendant that his petition may not be considered without all the information required under section 1170.95, subdivision (a).


/s/
Robie, J.


We concur:


/s/
Hull, Acting P. J.


/s/
Murray, J.


4